**IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA**

Civil Division

FILED
JUL 17 2001

TERESSA CLARK, Individually, and as  )
next friend of Carolyn Clark  )
4445 E Street, SE  )
Apt. #3  )
Washington, DC 20019  )
  )
  )
TAMELA HARRIS, Individually, and as  )
next friend of Tamara Harris  )
3716 Ely Place  )
Apt. 101  )
Washington, DC 20019  )      CASE NUMBER 1:01CV01553     **JURY ACTION**
  )
  )      JUDGE: John Garrett Penn
Plaintiffs,  )      DECK TYPE: Civil Rights (non-employment)
  )
      v.  )      DATE STAMP: 07/17/2001
  )
  )                                       **ECF**
THE DISTRICT OF COLUMBIA,  )
A Municipal Corporation  )
441 4th Street, N.W.  )
Washington, DC 20001,  )
  )
  SERVE:  )
  )
    Hon. Anthony Williams  )
    Mayor of the District of Columbia  )
    441 4th Street, N.W.  )
    Washington, DC 20001  )
  )
    Robert Rigsby  )
    Corporation Counsel, District of Columbia  )
    441 4th Street, N.W.  )
    Washington, DC 20001  )
  )
ODIE WASHINGTON, individually, and in  )
his capacity as Director, District of  )
Columbia Department of Corrections  )
1923 Vermont Avenue  )
Washington, DC 20001,  )
  )

1

| | |
|---|---|
| PATRICIA BRITTON-JACKSON, individually, and in her capacity as Warden, District of Columbia Jail 1923 Vermont Avenue Washington, DC 20001, | ) ) ) ) ) ) |
| DIANE BROWN, individually, and in her capacity as Principle, W. Bruce Evans Middle School 5600 East Capitol Street, NE Washington, DC 20019 | ) ) ) ) ) ) |
| Defendants | ) |

## COMPLAINT

COME NOW Plaintiffs, set forth herein and their Complaint against Defendants as set forth herein. In support hereto Plaintiff states as follows:

### INTRODUCTION

1.  This civil action is brought pursuant to 42 U.S.C. §1983 seeking damages against the Defendants for committing acts under the color of law which deprived Carolyn Clark and Tamara Harris (the "Subject Children") of due process, privacy and other constitutional rights. In addition, Plaintiffs seek recovery for assault, battery, negligence, negligent hiring, negligent supervision, negligent infliction of emotional distress, intentional infliction of emotional distress, false arrest and false imprisonment. The claims arose on April 9, 2001 when the Subject Children were taken to the District of Columbia Jail ("D.C. Jail") located at 1901 D Street, SE Washington, DC 20003.

### PARTIES

2.  Plaintiff Teressa Clark is an individual and the next friend of Carolyn Clark who resides at 4445 E Street, SE Apt. #3 Washington, DC 20019.

2

3.	Plaintiff Tamela Harris is an individual and the next friend of Tamara Harris who resides at 3716 Ely Place, SE Apt. 101 Washington, DC 20019.

4.	Defendant District of Columbia is a municipal corporation and is responsible for the supervision and operation of the District of Columbia Department of Corrections and the District of Columbia Public Schools.

5.	Defendant Odie Washington is the Director, District of Columbia Department of Corrections.

6.	Defendant Patricia Britton-Jackson, at all times relevant herein, was the Warden of the District of Columbia Jail.

7.	Defendant Diane Brown, at all times relevant herein, was the Principal of W. Bruce Evans Middle School ("Evans Middle School").

## JURISDICTION

8.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.A. § 1331, which states that district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## FACTUAL ALLEGATIONS

*Background of Children*

9.	At the time of the District of Columbia Jail (D.C. Jail) Tour the Subject Children were students at Evans Middle School located in the District of Columbia.

10.	At all times material hereto Diane Brown was Principle of Evans Middle School.

11.	The Subject Children at the time of the April 9, 2001 tour were between thirteen (13) and fifteen (15) years of age and in the 7th and 8th grades.

12. The Subject Children are all members of a racial minority and are economically disadvantaged.

*The Tour*

13. The coordinator/trip supervisor of the Evans Middle School tour of the D.C. Jail was Ms. Dorothy Shepard, an Evans School administrator.

14. The tour of D.C. Jail was presented to the Subject Children and their parents as a routine field trip. Some of the Subject Children were asked by Ms. Shepard to go and others volunteered.

15. The parents of the Subject Children were given ordinary permission slips to sign for their children to attend a field trip. None of the parents of the Subject Children consented to the rogue events that occurred at the D.C. Jail.

16. No advance notice was given to the parents of the Subject Children to warn them of what awaited their children at the D.C. Jail. In addition, the corrections officers and staff of the D.C. Jail were not provided with any supplementary training in preparation for the tour given to the Subject Children.

*The Events*

17. Upon arrival to the D.C. Jail, Carolyn Clark and Tamara Harris were subjected to pat downs by D.C. Jail Corrections Officers (C.O.s).

18. As the Subject Children were led through the D.C. Jail, male inmates yelled the words "fresh meat" at them.

19. Ms. Jones, a trip chaperone, told the C.O.s "I want Tamara to dance".

4

20. Tamara Harris was then placed in a cell alone with a female inmate who said to Tamara "When I get finished, I'll turn you out." which is a crude reference to lesbianism.

21. A female C.O. said "close 17" which was the cell Tamara Harris was in. When Tamara heard this she ran out of the cell before the cell closed and locked. By this point, Tamara Harris was crying and extremely upset.

22. Carolyn Clark witnessed all the events stated above who feared for her safety throughout the tour because of the male inmates she encountered during her visit.

23. As a direct and proximate result of said actions, the Subject Children endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. The Subject Children are expected to experience said damages in the future.

## COUNT I

(Deprivation of Civil Rights; U.S. Const., amend. IV and XIV; 42 U.S.C. § 1983)

24. Plaintiffs restate and incorporate paragraphs 1 through 23 above.

25. Defendants acting under the color of law or supervisory authority, in bad faith, willfully, wantonly, and with deliberate indifference to, and in gross, reckless and callous disregard for the safety of the Subject Children, violated their constitutional rights.

26. Defendants deprived the Subject Children of their rights of due process and equal protection under the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983.

27. As a direct and proximate result of said actions, the Subject Children endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. The Subject Children are expected to experience said damages in the future.

## COUNT II

(Assault)

28. Plaintiffs restate and incorporate paragraphs 1 through 27 above.

29. Defendants, through the C.O.s, intentionally and unlawfully caused an apprehension of imminent physical harm to the Subject Children.

30 As a direct and proximate result of said actions, the Subject Children endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. The Subject Children are expected to experience said damages in the future.

## COUNT III

(Battery)

31. Plaintiffs restate and incorporate paragraphs 1 through 30 above.

32. Defendants intentionally touched the Subject Children with force and in harmful, offensive, and insulting manner without the consent of the Subject Children of their legal guardians.

33. As a direct and proximate result of said actions, the Subject Children endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. The Subject Children are expected to experience said damages in the future.

6

## COUNT IV

(Negligence)

34. Plaintiffs restate and incorporate paragraphs 1 through 33 above.

35. Defendants had a duty to safeguard the Subject Children while they were under Defendants' care and supervision.

36. Defendants violated said duty and that violation caused the damages herein.

37. As a direct and proximate result of said actions, the Subject Children endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. The Subject Children are expected to experience said damages in the future.

## COUNT V

(Negligent Hiring and Negligent Supervision)

38. Plaintiffs restate and incorporate paragraphs 1 through 37 above.

39. Defendants were employed by the District of Columbia on April 9, 2001.

40. Defendant District of Columbia knew or should have known that Defendants Odie Washington, Patricia Britton-Jackson and Diane Brown, as well as other employees, including the C.O.s, acting at their direction, were incompetent and unfit to perform the duties of their respective jobs at the time they were hired and thereafter.

41. On or about April 9, 2001, while employed by the District of Columbia Defendants Odie Washington, Patricia Britton-Jackson, and the C.O.s incompetently supervised their staff while the Subject Children were on their tour of the D.C. Jail.

7

42. On or about April 9, 2001, while employed by Evans Middle School under the direct supervision of Diane Brown, Dorothy Shepard and Terrance Barker were negligent in their care of the Subject Children while on the D.C. Jail tour.

43. Defendant District of Columbia knew or should have known that the D.C. Jail and its employees were ill equipped to handle student tours.

44. Defendant District of Columbia failed to provide its employees proper training to run a successful D.C. Jail tour program.

45. Defendants' conduct towards the Subject Children was negligent and reckless.

46. Defendant District of Columbia breached the duty it owed to the Subject Children when it hired and failed to properly train and supervise its employees.

47. As a direct and proximate result of Defendant District of Columbia's act of negligently hiring and supervising of Odie Washington, Patricia Britton-Jackson, and Diane Brown and their staffs, the Subject Children endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. The Subject Children are expected to experience said damages in the future.

## COUNT VI

(Negligent Infliction of Emotional Distress)

48. Plaintiffs restate and incorporate paragraphs 1 through 47 above.

49. Defendants' negligence caused physical injury to the Plaintiffs.

50. The Subject Children were in the zone of danger and the Defendants' negligence caused the Subject Children to fear for their safety.

51. Defendants' negligence endangered the Subject Children`.

52. As a direct and proximate result of said actions, the Subject Children endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. The Subject Children are expected to experience said damages in the future.

## COUNT VII

(Intentional Infliction of Emotional Distress)

53. Plaintiffs restate and incorporate paragraphs 1 through 52 above.

54. Defendants' conduct toward the Subject Children was extreme and outrageous and undertaken intentionally or with reckless disregard of consequences. That conduct has caused the Subject Children to suffer severe emotional distress.

55. As a direct and proximate result of said actions, the Subject Children endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. The Subject Children are expected to experience said damages in the future.

## COUNT VIII

(False Arrest and False Imprisonment)

57. Plaintiffs restate and incorporate paragraphs 1 through 56 above.

58. Defendants intentionally detained and restrained the Subject Children for a length of tie with actual and threat of force, without a warrant or other legal justification.

59. As a direct and proximate result of said actions, the Subject Children endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia,

nightmares and other damages as set forth herein. The Subject Children are expected to experience said damages in the future.

\*\*\*

WHEREFORE, Plaintiffs, in their capacity as next friends to Carolyn Clark and Tamara Harris demand that judgment be entered in their favor and against Defendants, jointly and severally in the amount $1,000,000 in compensatory damages for each child and $3,000,000 in punitive damages for each child, to the fullest extent that punitive damages are allowable against each of the Defendants under applicable law, together with the attorney's fees incurred by the Plaintiffs, and such other relief as the Court deems just and proper.

Dated: July 17, 2001

**RESPECTFULLY SUBMITTED,**

Wayne R. Cohen, D.C. Bar No. 433629
Thomas J. Simeone, D.C. Bar No. 433425
Craig D. Miller, D.C. Bar No. 459784
COHEN & COHEN, P.C.
1000 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-4529
Counsel for Plaintiffs

## JURY DEMAND

Plaintiffs demand trial by jury with respect to each of the claims alleged herein.

RESPECTFULLY SUBMITTED,

_____
Wayne R. Cohen, D.C. Bar No. 433629
Thomas J. Simeone, D.C. Bar No. 433425
Craig D. Miller, D.C. Bar No. 459784
COHEN & COHEN, P.C.
1000 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-4529
Counsel for Plaintiffs